## Richmond

EDGAR R. REESE, JR., TRADING AS NORVIEW SERVICE CENTER v. R. G. HOLLOMAN.

April 28, 1958.

Record No. 4794.

Present, All the Justices.

The opinion states the case.

*M. T. Bohannon* (*Robert S. Wahab, Jr.; Herbert & Bohannon,* on brief), for the plaintiff in error.

*Richard B. Kellam* (*P. W. Ackiss; Kellam & Kellam,* on brief), for the defendant in error.

HUDGINS, C. J., delivered the opinion of the court.

This is an action brought by R. G. Holloman against Edgar R. Reese, Jr., trading as Norview Service Center, to recover damages for personal injuries sustained when he fell through an unguarded opening in a hallway made by Reese while installing a hot air furnace in Holloman's home. Holloman, the plaintiff, recovered a verdict

and judgment for $16,000.00 which Reese, the defendant, seeks, by this writ of error, to have reversed.

Defendant, in his brief, contends that the evidence is insufficient to support the verdict in that it fails to establish any negligence on his part, and even if it is sufficient to prove his negligence, it also proves that plaintiff was guilty of contributory negligence as a matter of law. However, defendant conceded in the oral argument that the evidence for plaintiff was sufficient to take the question of his negligence to the jury. Hence, the decisive question presented is whether plaintiff was guilty of contributory negligence as a matter of law.

Plaintiff, having obtained a verdict approved by the trial court, is entitled to have the evidence, and all fair inferences therefrom stated in the light most favorable to him. Guided by this principle, the testimony may be summarized as follows:

At the time of the accident, plaintiff and his wife were under contract with defendant to have a floor furnace installed in their home at Ocean Park, Princess Anne county, Virginia. It was understood that the installation would be completed in one day. In the late afternoon of January 10, 1956, an employee of the defendant began work on the installation of the furnace. He cut an opening 36½ by 34½ inches in the floor of the hall, or archway, leading from the living room into the dining room and into the kitchen. When he quit work for the day, this employee put a large, white cardboard over the opening, on top of which he placed the metal grate that was to be permanently installed. This was done to enable the members of the household to use the hall in safety, which, otherwise, they could not have done as the space on either side of the opening was not wide enough for safe passage. This was the condition of the opening in the hall when plaintiff returned home from work that afternoon. Early the next morning and before the workmen arrived, plaintiff left home for his place of business. Later that day, defendant's employees resumed the work of installation. When they removed the grate and cardboard, they warned Mrs. Holloman, the only member of the family then at home, that it was dangerous for her to use the archway, or hall, with the opening in the floor unguarded. She heeded this warning and did not pass through the archway until the late afternoon when the workmen had replaced the grate. She then walked over it several times. At approximately 5:15 P. M., her fourteen year old son came home. He walked over the grate into the kitchen, got a soft drink, returned to the living room, again

walking over the grate. A few minutes thereafter, one of the workmen removed the grate, left the cardboard over the opening, and went down in the basement. At approximately 5:30 P. M., and while his son was using the telephone in the living room, plaintiff came home from work. When he opened the front door, he saw his wife in the kitchen, called to her, saw the cardboard over the opening, and started to walk through the hall to the kitchen to join his wife. In doing so, he stepped on the cardboard, fell through the opening and thereby sustained severe injuries for which he seeks recovery.

Defendant contends that plaintiff knew that the workmen were installing a furnace in his home and that when he returned home on January 11, it was, or should have been, obvious to him that conditions in the hall were then quite different from what they were in the morning when he left; that if he had exercised ordinary care for his own safety, he would have seen the white cardboard over the opening, the grate leaning against the wall, and an electric cord extending down through the opening. Defendant argues that these circumstances were sufficient to put the plaintiff on notice that the grate was not in place, that there was nothing under the cardboard upon which to rest his weight, and that he was guilty of contributory negligence as a matter of law in stepping on the cardboard without taking any precaution for his own safety.

The jury had a right to accept plaintiff's version of how the accident happened. From this testimony it appears that the cardboard, which was approximately a foot wider than the opening, covered the hole in such a manner as to give no warning that the grate had been removed. When plaintiff left home that morning, he knew that the opening had been cut, that the grate had been fitted in place so that there was no danger to persons passing through the hall. It was not unreasonable for him, on his return home that afternoon, to have assumed that the opening was as safe as he had seen it that morning. He could not see the hole for the cardboard. He could not readily see the grate leaning against the wall, as only a very small part of it was visible. Members of the family, who saw him come in, thought the grate was in place. Defendant knew that if members of the family were not warned, or that the opening was left unguarded, people using the archway were likely to fall into it as there was not space enough on either side of the opening for a person to pass in safety. The workmen knew this dangerous situation. They knew

that Mrs. Holloman and her son had used the archway and had walked over the grate several times before plaintiff arrived. The workman, who removed the grate and put the cardboard over the hole, said that he did this because he only expected to be in the basement a few minutes or, rather, a "few seconds." During that few seconds the accident happened. The evidence clearly presents a jury question as to whether or not the plaintiff was guilty of contributory negligence.

We find no merit in defendant's objection to instruction No. 1, given on request of plaintiff and reading as follows:

"The Court instructs the jury that it was the duty of the defendant to exercise ordinary care in installing the floor furnace in the home of the plaintiff and in such installation to exercise ordinary care for the safety of the plaintiff."

This is not a finding instruction. It correctly states the duty defendant owed plaintiff. Other instructions given by the court fairly submitted to the jury the question of negligence, contributory negligence, proximate cause, and the measure of damages.

For the reasons stated the judgment of the trial court is

*Affirmed.*